UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SIGALA JIMENEZ ISRAEL, Petitioner,<br>v.<br>CHRISTOPHER J. LAROSE, Warden of Otay Mesa Detention Center, Respondent. | Case No.: 26-cv-5648-RSH-MMP<br>**ORDER DENYING PETITION FOR A WRIT OF HABEAS CORPUS**<br>[ECF No. 1] |

On October 1, 2026, petitioner Sigala Jimenez Israel, proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition") challenging his detention by U.S. Immigration and Customs Enforcement ("ICE"). ECF No. 1. For the reasons set forth below, the Court **DENIES** the Petition.

## I. BACKGROUND

On or around December 11, 2015, Petitioner, a citizen of Mexico, entered the United States without inspection through the Arizona border.[1] ECF No. 1 at 7; ECF No. 4 at 2. On

[1] Petitioner alleges he entered the United States without inspection on December 12, 2015. *See* ECF No. 1 at 7. Respondents proffer he entered on December 11, 2015. *See* ECF

March 20, 2019, Petitioner was convicted in California for violations of Health and Safety Code §§ 11351 and 11352(a)—both of which are felonies involving possession/purchase for sale and transportation/sale of narcotics/controlled substance, respectively. ECF No. 4-1, Ex. 1; *see also* ECF No. 4 at 2. Petitioner was sentenced to 10 years imprisonment. ECF No. 4 at 2; ECF No. 4-1, Ex. 1 at 5.

On June 27, 2026, Petitioner was encountered by military police at Camp Pendleton while working as a Lyft Rideshare driver.[2] ECF No. 1 at 7; ECF No. 4-1, Ex. 1 at 2. ICE was notified, conducted a field interview, and arrested Petitioner. ECF No. 4-1, Ex. 1 at 2. On June 27, 2026, a Form I-200, Warrant for Arrest of Alien was issued for Petitioner, and served on him the following day, June 28, 2026. *See* ECF No. 4-2, Ex. 2 at 2; ECF No. 7 at 2. Petitioner was also issued a Notice to Appear on June 28, 2026, which was served on him that same day, initiating his removal proceedings under 8 U.S.C. § 1229a. ECF No. 4 at 2-3; ECF No. 4-3, Ex. 3 at 1-3. Petitioner was transferred to the Otay Mesa Detention Center, where he has remained since. *See generally* ECF No. 1.

## II. LEGAL STANDARD

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A prisoner bears the

---

No. 4-3, Ex. 3 at 1; ECF No. 4 at 2. For the purposes of this Petition, the exact date of entry is not necessary to decide the case on the merits.

[2] Petitioner alleges he was arrested by ICE on June 27, 2026. *See* ECF No. 1 at 3. Petitioner's arrest date is inconsistent in Respondents' return and their corresponding exhibits. In their return, Respondents claim Petitioner was arrested by ICE on *June 20, 2026*, which comports with Petitioner's Form I-213, Record of Deportable/Inadmissible Alien ("Form I-213"). *See* ECF No. 4 at 2; ECF No. 4-1, Ex. 1 at 2 (emphasis added). But Form I-213 also indicates that "[o]n *June 27, 2026*, the SND-CAP Unit responded to Camp Pendleton, Marine Corps Base (MCB) Camp Pendleton . . . regarding [Petitioner] . . . who unlawfully entered the installation while operating a white Toyota Camry as a Lyft driver." ECF No. 4-1, Ex. 1 at 4 (emphasis added). This inconsistency does not prevent resolution of the Petition on its merits.

burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## III. ANALYSIS

In this Petition, Petitioner contends he was unlawfully arrested and detained in violation of due process and the Administrative Procedure Act ("APA"). ECF No. 1 at 7. Specifically, he alleges he was arrested without a warrant and without "any prior notice or opportunity to [be] heard[.]" *Id.* Petitioner also argues that he has "been detained now for over 3 months without [a] custody redetermination." *Id.*

Respondents assert that Petitioner is subject to the mandatory detention framework under 8 U.S.C. § 1226(c) because of his felony convictions under California Health & Safety Code §§ 11351 and 11352(a). ECF No. 4 at 3. Respondents further claim that because Petitioner is subject to 8 U.S.C. § 1226(c) "his ongoing detention during the pendency of his removal proceedings does not violate due process" as held by the United States Supreme Court in *Demore v. Kim*, 538 U.S. 510, 513 (2003), and reaffirmed in *Fraihat v. Barr*, 790 F. App'x 120, 120-22 (9th Cir. 2020). *Id.* at 4-7. Lastly, Respondents argue that Petitioner's detention has not become unreasonable nor unconstitutionally prolonged. *Id.* at 8-9. For the reasons explained below, the Court agrees.

### A. Whether Petitioner Is Subject to 8 U.S.C. § 1226(a) or 8 U.S.C. § 1226(c)

Title 8 of the U.S. Code, Section 1226(a) provides, "*[o]n a warrant* issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a) (emphasis added). Under Section 1226(c), "[t]he Attorney General *shall take into custody* any alien who . . . is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]" 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2)(A)(i)(II) states that "any alien convicted of, or who admits to having committed, or who admits committing acts which constitute the essential elements of [] a violation of (or conspiracy or attempt to violate) any law or regulation of a State, the United States, or a foreign country relating to a

controlled substance (as defined in section 802 of Title 21), is inadmissible." Finally, Section 1182(a)(2)(C)(i) states:

> Any alien who the consular officer or the Attorney General knows or has reason to believe . . . is or has been an illicit trafficker in any controlled substance or in any listed chemical . . . or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so . . . is inadmissible.

Thus, while Section 1226(a) explicitly mandates that a noncitizen may only be arrested pursuant to a warrant, Section 1226(c) includes no such requirement and authorizes the mandatory detention of noncitizens convicted of certain crimes. *See* 8 U.S.C. §§ 1226(a), (c); *Singh v. Warden*, No. 1:26-CV-7348 TLN CSK, 2026 WL 3257853, at *4 (E.D. Cal. Oct. 29, 2026) ("The plain text of section 1226(a) provides for an arrest following issuance of a warrant, whereas the plain text of section 1226(c) does not."); *Kireev v. Warden*, No. 1:26-CV-08152 (EJD), 2026 WL 3268663, at *2 (E.D. Cal. Oct. 30, 2026) ("Here, § 1226(c)(1)(E) applied to Petitioner when he was arrested by ICE in June 2026 because he was, at the time, charged with battery. Accordingly, Respondents were not required to follow § 1226(a) procedures—including obtaining a warrant—at least until Petitioner's battery charge was dropped in September 2026.").

Here, Petitioner was convicted of the following felonies on March 20, 2019: (1) possession or purchase for sale of a controlled substance in violation of California Health & Safety Code § 11351, and (2) transportation or sale of a controlled substance in violation of California Health & Safety Code § 11352(A). ECF No. 4-1 at 3. California Health & Safety Code § 11351 provides:

> [E]very person who possesses for sale or purchases for purposes of sale (1) any controlled substance specified in subdivision (b), (c), or (e) of Section 11054, specified in paragraph (14), (15), or (20) of subdivision (d) of Section 11054, or specified in subdivision (b) or (c) of Section 11055, or specified in subdivision (h) of Section 11056, or (2) any controlled substance classified in Schedule III, IV, or V which is a narcotic drug, shall be punished by imprisonment[.]

Cal. Health & Safety Code § 11351. Additionally, California Health & Safety Code § 11352 states that "every person who transports, imports into this state, sells, furnishes, administers, or gives away, or offers to transport, import into this state, sell, furnish, administer, or give away, or attempts to import into this state or transport" any of the enumerated controlled substances referred to in this statute shall be punished by imprisonment. Cal. Health & Safety Code § 11352(a). Because both of Petitioner's convictions were violations of California state law relating to a controlled substance, and involved the illicit trafficking of a controlled substance, Petitioner's convictions fall within the purview of Section 1226(c). Thus, Petitioner is subject to the procedures of 8 U.S.C. § 1226(c)(1)(A),[3] not 8 U.S.C. § 1226(a), and no warrant was required for his arrest.

**B. Whether Petitioner's Detention is Prolonged in Violation of Due Process**

In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court rejected a facial constitutional challenge to 8 U.S.C. § 1226(c) because "[d]etention during removal proceedings is a constitutionally permissible part of that process." 538 U.S. at 531. The Court affirmed that noncitizens subject to the mandatory detention provision of Section

---

[3] Respondents contend that "Petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(E)." ECF No. 4 at 3. Respondents provide, "Section 1226(c)(1)(E) requires mandatory detention of an alien who is 'inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.]'" This language comes directly from 8 U.S.C. § 1226(c)(1)(A). *See supra* Section III.A. Section 1226(c)(1)(E)—also known as the Laken Riley Act—provides that "[t]he Attorney General shall take into custody any alien who [] is inadmissible under paragraph (6)(A), (6)(C), or (7) of section 1182(a) of this title; *and* [] is charged with, is arrested for, is convicted of, admits having committed, or admits committing acts which constitute the essential elements of any burglary, theft, larceny, shoplifting, or assault of a law enforcement officer offense, or any crime that results in death or serious bodily injury to another person . . . ." 8 U.S.C. § 1226(c)(1)(E)(i)-(ii) (emphasis added). Petitioner's state convictions are a result of violations of California state law related to controlled substances, which are not one of the enumerated crimes in the Laken Riley Act and, thus, not within Section 1226(c)(1)(E). The Court finds Petitioner is subject and mandatorily detained pursuant to 8 U.S.C. § 1226(c)(1)(A).

1226(c) may "be detained for the brief period necessary for their removal proceedings." *Id.* at 513. The Court did not, however, "foreclose as-applied challenges" to 8 U.S.C. § 1226(c). *Nielsen v. Preap*, 586 U.S. 392, 420 (2019).

While the United States Supreme Court and the Ninth Circuit have yet to determine whether due process requires a bond hearing for noncitizens mandatorily detained under Section 1226(c), other circuits have decided that it does. *See Black v. Decker*, 103 F.4th 133, 149 (2d Cir. 2024) (noting that the *Demore* Court "said nothing about whether due process may *eventually* require a hearing") (emphasis in original); *Reid v. Donelan*, 17 F.4th 1, 7 (1st Cir. 2021) ("[W]e adhere to the notion that the Due Process Clause imposes some form of reasonableness limitation upon the duration of detention under section 1226(c).") (cleaned up); *German Santos v. Warden*, 965 F.3d 203, 210 (3rd Cir. 2020) (affirming that "§ 1226(c) is unconstitutional when applied to detain an alien unreasonably long without a bond hearing" and a noncitizen detained under § 1226(c) "can still challenge his detention under the Due Process Clause.") (citations omitted). Courts in this District have agreed. *See, e.g.*, *Dopazo-Barroso v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-cv-1558-CAB-DEB, 2026 WL 2337560, at *2 (S.D. Cal. Aug. 12, 2026) (joining with courts finding that "unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process."); *Rodas v. LaRose*, No. 26-CV-3535 JAO (JAC), 2026 WL 1959128, at *2 (S.D. Cal. July 6, 2026) (concluding that "prolonged detention under § 1226(c) triggers due process concerns"); *Sanzpierre v. Mullin*, No. 26cv1924-LL-MSB, 2026 WL 1495203, at * (S.D. Cal. May 28, 2026) (noting that prolonged mandatory detention under § 1226(c) without a bond hearing "will—at some point—violate the right to due process."); *Maldonado-Romero v. Warden of Imperial Reg'l Det. Facility*, No. 3:26-cv-02366-RBM-SBC, 2026 WL 1333758, at *2 (S.D. Cal. May 13, 2026) (finding that "unreasonably prolonged detention under § 1226(c) without a bond hearing may violate due process"); *Blake v. Mullin*, No. 3:26-cv-00844-BTM-SBC, 2026 WL 913130, at *2 (S.D. Cal. Apr. 2, 2026) (agreeing that "unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process.") (collecting cases); *Rowe v.*

*Archambeault*, No. 26-cv-01744-GPC-DEB, 2026 WL 879487, at *4-5 (S.D. Cal. Mar. 31, 2026) (reasoning that a noncitizen mandatorily detained under 8 U.S.C. § 1226(c) "may still assert a due process claim against prolonged mandatory detention without a bond hearing."). The Court agrees that unreasonably prolonged detention under 8 U.S.C. § 1226(c) without a bond hearing violates due process. The Court next turns to whether Petitioner's detention has become unreasonably prolonged.

In determining whether Petitioner's detention has become prolonged, the Court applies a six-factor balancing test used by some district courts. *See Kydyrali*, 499 F. Supp. 3d at 773-74; *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). That test considers: (1) the total length of detention to date; (2) the likely duration of future detention; (3) conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal. *See Kydyrali*, 499 F. Supp. 3d at 773-74. Of these factors, the first—the length of detention—is the "most important." *Id.* at 774 (quoting *Banda*, 385 F. Supp. 3d at 1118).

Here, Petitioner has been detained for just over five months, a period shorter than those this Court has typically considered unduly prolonged. This factor therefore weighs against finding a due process violation.

Next, the likely duration of Petitioner's future detention is uncertain. Respondents claim Petitioner's master calendar hearing was scheduled on October 14, 2026, and Petitioner states he filed an appeal with the Board of Immigration Appeals ("BIA"). *See* ECF No. 4 at 9; ECF No. 1 at 5. But neither party has submitted additional information regarding the result of that master calendar hearing or the status of Petitioner's appeal to the BIA. Thus, the second factor is neutral.

As to the third factor, the conditions of Petitioner's confinement weigh in his favor. Courts in this District have found that conditions at the Otay Mesa Detention Center, where Petitioner is detained, are "indistinguishable from penal confinement." *Kydyrali*, 499 F.

Supp. 3d at 773; *Hoyos Amado v. U.S. Dep't of Justice*, No. 25-cv-2687-LL-DDL, 2025 WL 3079052, at *6 (S.D. Cal. Nov. 4, 2025).

Turning to the fourth and fifth factors, the record does not attribute any material delay in the removal proceedings to either Petitioner or Respondents. As a result, these factors are also neutral. Finally, nothing in the record before the Court permits it to assess the likelihood that the proceedings will culminate in a final order of removal. As such, the sixth factor is likewise neutral.

Considering Petitioner's length of detention to date in connection with the other applicable factors, the Court determines that Petitioner's detention has not yet become unduly prolonged in violation of his due process rights. Petitioner has not established that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).

## IV. CONCLUSION

For the foregoing reasons, the Petition is **DENIED**.[4] The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED**.

Dated: November 20, 2026

Hon. Robert S. Huie
United States District Judge

[4] Because the Court finds that Petitioner is mandatorily detained under 8 U.S.C. § 1226(c), the Court declines to reach Petitioner's arguments under the APA. *See Brodheim v. Dickinson*, No. CIV S-06-2326 LKK GGH P, 2010 WL 3734050, at *18 (E.D. Cal. Sep. 20, 2010) ("The Ninth Circuit has found that all claims of a habeas petition need not be addressed or adjudicated if the claim or issue decided is dispositive of the action.") (citing *Blazak v. Ricketts*, 971 F.2d 1408, 1415 (9th Cir. 1992)).